Micha Danzig (SBN 177923)
mdanzig@mintz.com
Paul M. Huston (SBN 281881)
pmhuston@mintz.com
McKenzie M. Rugo (SBN 347745)
mmrugo@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile:  (858) 314-1501

Attorneys for Defendant
GENERAL ATOMICS

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CANDACE THOMAS,

                Plaintiff,

    v.

GENERAL ATOMICS, INC., a California corporation; and DOES 1 through 50, inclusive,

                Defendant.

Case No.  **'26 CV0488 WQHMSB**

**NOTICE OF REMOVAL BY DEFENDANT GENERAL ATOMICS**

**TO THE CLERK OF THE COURT**:

**PLEASE TAKE NOTICE** that Defendant General Atomics ("Defendant" or "GA") hereby removes this civil action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441(c) and 1446.

## Background Information

1.     On December 22, 2025, Plaintiff Candace Thomas ("Plaintiff" or "Thomas") filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of San Diego, against GA and 50 Doe defendants, captioned: *Candace Thomas v. General Atomics, Inc.,* Case No. 25CU068062C (the "State Court Action").  True and correct copies of the Summons and Complaint served on GA are attached as **Exhibit A**.

2.     In the Complaint, Thomas alleges the following causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Accommodate in Violation of FEHA; (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Violations of Federal Medical Leave Act ("FMLA"); (5) Violation of the California Family Rights Act ("CFRA"); (6) Retaliation for Protected Leave under FMLA and CFRA; (7) Retaliation in Violation of Labor Code Section 98.6; (8) Retaliation in Violation of Labor Code Section 1102.5; (9) Failure to Prevent in Violation of FEHA; (10) Failure to Timely Pay Final Wages; and (11) Constructive Wrongful Termination in Violation of Public Policy.

## Timeliness of Removal

3.     On December 26, 2025, Plaintiff served the Summons and Complaint for the State Court Action on Defendant.  A true and correct copy of the Proof of Service filed in San Diego County Superior Court is attached as **Exhibit B**.

4.     This Notice of Removal is timely filed within 30 days after receipt of a triggering document.  28 U.S.C. §1446(b); *See Murphy Bros., Inc. v. Mitchetti Pipe*

**2**

NOTICE OF REMOVAL

*Stringing, Inc.*, (1999) 526 U.S. 344, 354 (30-day time period under removal statute begins to run from the date of formal service).

## Procedural Requirements

5.    This Notice of Removal is filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants" during the state court proceedings as **Exhibit C.** See 28 U.S.C. § 1446(a).

6.    As the sole named Defendant, all properly joined and served Defendant consent to the removal, satisfying the procedural requirements for removal under 28 U.S.C. § 1446.

7.    Pursuant to 28 U.S.C. § 1446(d), GA will promptly serve written notice of this Notice of Removal upon Plaintiff and file a copy of this Notice of Removal with the Clerk of the San Diego County Superior Court.

8.    No previous application has been made for the relief requested herein.

9.    By filing this Notice of Removal, GA does not waive any defense that may be available to it, including defects as to service of process, venue, or jurisdiction.

10.   If any questions arise to the proprietary of the removal of the State Court Action, GA requests the opportunity to present evidence, a brief, oral argument, or all three.

## Venue

11.   Venue is appropriate in the United States District Court for the Southern District of California under 28 U.S.C. § 1441(a), as this removal is brought in the district in which the matter was pending in state court.

## Federal Question Jurisdiction

12.   Removal is proper because this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.    Federal question

jurisdiction exists when a federal issue is presented on the face of a properly pleaded complaint. 28 U.S.C. § 1331; *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Benefiel v. Exxon Corp.*, 959 F.2d 805, 807 (9th Cir. 1992) ("[I]t is enough to observe that the basis for federal question jurisdiction was pleaded on the face of the [] complaint . . .)

13.     Here, on the face of the Complaint, Plaintiff expressly pleads claims under federal law. Specifically, Plaintiff's Fourth Cause of Action alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* alleging that "Defendant engaged in unlawful employment practices in violation of the FMLA." (Compl., ¶¶ 49–54.)  In addition, Plaintiff's Sixth Cause of Action expressly references violations of the FMLA, alleging that "Defendants' conduct violates CFRA and/or FMLA." (Compl., ¶¶ 63–66.)  Because Plaintiff's Complaint includes causes of action arising under the FMLA, federal law is an essential component of her claims and resolution of her claims necessarily depends on the interpretation and application of federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

14.     Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331 and the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1331 and 1441 *et. seq.* because (1) this is a civil action pending within the jurisdiction of this Court and (2) this action presents a federal question on the face of the Complaint.

## Supplemental Jurisdiction

15.      This Court also has, and should exercise, supplemental jurisdiction over Plaintiff's remaining state law claims.  Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over state law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Where federal and state claims "derive from a common nucleus of operative fact," they constitute one case for jurisdictional purposes, and supplemental

jurisdiction should ordinarily be exercised absent exceptional circumstances. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019). Supplemental jurisdiction applies equally to cases removed from state court as to those originally filed in federal court. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

16.    Here, Plaintiff's state law claims arise from the same set of facts as her federal claims. Namely, her claims all arise out of her employment with Defendant. Indeed, Plaintiff's factual allegations appear in a single section of the Complaint and form the basis for all eleven causes of action. (See Compl., ¶¶ 10–23.) Further, Plaintiff seeks recovery for the same alleged harm, her claims all involve the same parties, and relies on the same nucleus of operative facts. (*See generally* Compl.) As such, Plaintiff's federal and state claims are intertwined such that they cannot be meaningfully separated.

17.    Accordingly, Defendant respectfully requests that this Court exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as they are part of the same case or controversy as Plaintiff's federal claims.

## Conclusion

18.    For all of the foregoing reasons, removal of this case to federal court is proper. This Court has original jurisdiction of the Fourth and Sixth Causes of Action under 28 U.S.C. § 1331 and should exercise supplemental jurisdiction of Plaintiff's

/ / /

/ / /

/ / /

remaining causes of action under 28 U.S.C. §1367. Accordingly, GA respectfully removes this action from the Superior Court for the State of California, County of San Diego, to this Court.

DATED: JANUARY 26, 2026  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.


BY*/s/ Paul M. Huston*
  Micha Danzig
  Paul M. Huston
  McKenzie M. Rugo

  Attorneys for Defendant
  GENERAL ATOMICS

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

GENERAL ATOMICS, INC., a California corporation; and DOES 1 through 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CANDACE THOMAS, an individual

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/22/2025 4:16:12 PM

Clerk of the Superior Court
By M. Alvarez        ,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court - Central
330 W. Broadway, San Diego, CA 92101

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| **25CU068062C** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joel Larabee, The Larabee Law Firm, 9655 Granite Ridge Dr., Ste 200, San Diego, CA, 92123 619-376-1777

DATE:
*(Fecha)* December 23, 2025

Clerk, by
*(Secretario)* _____ M. Alvarez _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

Joel D. Larabee, Esq. SB #243117
THE LARABEE LAW FIRM
9655 GRANITE RIDGE DRIVE, STE. 200
SAN DIEGO, CALIFORNIA 92123
TELEPHONE: (619) 376-1777
TELECOPIER: (619) 376-1778
JOEL@LARABEELAW.COM

Attorneys for Plaintiff,
**CANDACE THOMAS**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

12/22/2025 4:16:12 PM

Clerk of the Superior Court
By M. Alvarez        ,Deputy Clerk

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CANDACE THOMAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ATOMICS, INC., a California corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.        25CU068062C<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. DISABILITY DISCRIMINATION;<br>2. FAILURE TO ACCOMMODATE;<br>3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;<br>4. VIOLATION OF FMLA;<br>5. VIOLATION OF CFRA;<br>6. RETALIATION FOR PROTECTED LEAVE;<br>7. RETALIATION;<br>8. RETALIATION (LABOR CODE 1102.5);<br>9. FAILURE TO PREVENT RETALIATION;<br>10. FAILURE TO TIMELY PAY FINAL WAGES;<br>11. CONSTRUCTIVE WROGNFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>[JURY TRIAL DEMANDED] |

## PARTIES

1. Plaintiff CANDACE THOMAS, is and at all relevant times mentioned herein, was an individual residing in the County of San Diego, State of California.

2. Defendant GENERAL ATOMICS, hereinafter referred to as "Defendant" or "GA," is and at all relevant times mentioned herein was a California Corporation duly organized

COMPLAINT

under the laws of the State of California doing business in the County of San Diego, State of California.  At all times relevant to the complaint, GA met the requirements of FEHA to fall under its purview, including having five or more employees.

3.     Plaintiff is informed and believes and thereon allege that the Defendants named herein as DOES are the agents, employers, representatives or employees of the other named defendants and when performing the acts alleged herein, were acting within the scope of their agency, employment and/or representative capacity and are therefore responsible for the acts complained of herein. Plaintiff is informed and believes and thereon allege that the fictitiously named defendants are responsible in some manner for the occurrences alleged and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and all of their acts.  Plaintiff will seek leave of court to amend this complaint to set forth the true names and capacities of such named defendants when their identities become known to them.

4.     Defendant is a "supervisor" or "manager" within the meaning of California Government Code § 12940, et seq.

5.     Plaintiff seeks compensatory damages, costs of suit herein, and attorneys' fees pursuant to Cal. Gov't Code §12940 et seq.

6.     As a further legal result of the unlawful and wrongful actions of Defendants and each of its agents against Plaintiff as alleged herein, Plaintiff has been harmed in that he/she has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

7.     Plaintiff filed a complaint with the CCRD requesting a 'right-to-sue' letter against Defendants on or around December 18, 2025 and received 'right-to-sue letters' on or around December 18, 2025 (all attached as Exhibit "A").

**JURISDICTION AND VENUE**

8.     Jurisdiction is proper in the Superior Court for the County of San Diego in San Diego, pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist.

9.     Venue is proper in the County of San Diego pursuant to Section 395.5 of the California

COMPLAINT

Code of Civil Procedure because the obligations and liabilities of the Defendants arose within the County of San Diego.

## **GENERAL ALLEGATIONS**

10. Plaintiff began working for GA in January 2009 and dedicated 17 years of service across Accounting, Financial Services, Cost Estimating, Proposal Management, and Program Management.

11. Plaintiff consistently received favorable performance evaluations. As recently as 2025, she was rated as "High Meets Expectations," including for periods during which she was working remotely without any performance issues.

12. On December 9, 2024, Plaintiff received a request from senior leadership (VP Satish Krishnan and Director Aaron Singh) to open Bid & Proposal (B&P) charge numbers for work related to a DCS contract through GA Global India (GAGI).

13. Based on her expertise, Plaintiff identified this as a potential violation of internal accounting policy, Cost Accounting Standards (CAS), and the Federal Acquisition Regulation (FAR). B&P accounts are intended for pre-award work; the work described appeared tied to an awarded contract, raising serious legal and regulatory concerns.

14. Plaintiff appropriately sought clarification from management but received evasive, inconsistent responses. She elevated her concerns through appropriate channels.

15. In the weeks and months that followed her internal reporting, Plaintiff experienced a sudden and escalating pattern of retaliation, including:

- Exclusion from meetings
- Loss of core responsibilities and projects
- Disrespectful or dismissive treatment by leadership
- Isolation from team decision-making processes

16. These actions were carried out by the very managers implicated in the B&P misuse.

17. Plaintiff went on disability leave in March 2025.

18. Upon recovery, she sought a telecommuting accommodation in May 2025, consistent with how she had worked successfully for months prior. This request was supported by her continued strong performance evaluations and job function suitability for remote work.

COMPLAINT

19. Despite this, her request was summarily denied. GA cited inability to engage with teams remotely as justification, even though:

- She had done the job remotely before

- Other Program Managers were allowed to telecommute

- The decision appeared directly influenced by VP Satish Krishnan — the same individual named in her complaint

20. In June 2025, GA informed Plaintiff that failure to return on-site within two weeks would result in termination for "job abandonment."

21. In July 2025, GA reiterated its threat of separation if she did not return on-site, even though she had relocated out of state and had a pending ethics complaint and retaliation concerns.

22. Plaintiff was placed on unpaid administrative leave indefinitely, despite being ready, willing, and able to work remotely. GA refused to provide paid leave or any reasonable accommodation, even while it claimed to be "investigating" her concerns.

23. As of December 2025, no resolution, findings, or reinstatement have been provided.

### FIRST CAUSE OF ACTION

**(Disability Discrimination v. All Defendants and DOES 1-50)**

**[Government Code §12940, *et seq*.]**

24. Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

25. At all times herein mentioned, California Government Code §§ 12940, *et seq*. of the Fair Employment and Housing Act ("FEHA") (and Title VII of the 1964 Civil Rights Act) and the corresponding regulations of the California Department of Fair Employment and Housing Act were in full force and effect and were binding on Defendant.  These sections, *inter alia*, require Defendant, as an employer, to refrain from discriminating against any employee on the basis of, among other things, physical disability, mental disability, or perceived physical or mental disability, race, age discrimination, including the prohibition against harassment in the workplace based on any of these characteristics.

26. Within the time provided by law, Plaintiff filed a complaint with the Equal Employment Opportunity Office and the California Civil Rights Department, in full compliance with

COMPLAINT

the law, and has received a right to sue letter, thereby exhausting any applicable administrative remedy requisite to the commencement of this lawsuit.

27. A true and correct copy of Plaintiff's Right to Sue Notice is attached hereto and marked as Exhibit "A," which is incorporated herein by reference.

28. Based on the misconduct alleged in this Complaint, Plaintiff alleges that Defendant's decision to terminate Plaintiff's employment and to discriminate against him/her was based on Plaintiff's physical disability and/or perceived physical disability.

29. As a result of the statutory violations, Plaintiff has suffered damages, in an amount to be determined according to proof at trial, but in excess of the jurisdictional minimum of this Court, including past, present and future damages, injuries, losses, costs and attorneys' fees.

30. By reason of the foregoing, Plaintiff has been left without an adequate remedy at law and should be entitled to appropriate injunctive relief from this Court including, but not limited to, back-pay, front-pay, and any other applicable benefits of his/her employment that have been denied to him/her as a result of Defendant's unlawful and discriminatory acts.

31. As a further proximate result of the above-alleged misconduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees according to proof.

32. As a further legal result of the unlawful and wrongful actions of Defendants and each of its agents against Plaintiff as alleged herein, Plaintiff has been harmed in that he/she has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

33. The above-alleged misconduct constitutes oppression, fraud or malice, thereby entitling Plaintiff to an award.

## SECOND CAUSE OF ACTION

### (Failure to Accommodate v. All Defendants and DOES 1-50)

34. Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

COMPLAINT

35.    Pursuant to Government Code § 12940(m), it is unlawful for an employer to fail or refuse to provide a reasonable accommodation to an employee with a disability.

36.    As set forth above, during his/her employment with Defendants, Plaintiff was disabled and required accommodation(s) due to his/her disability, and informed Defendants of his/her disability.

37.    Defendants knew or thought that Plaintiff had a disability that limited one or more of Plaintiff's major life activities, including but not limited to his/her ability to work.

38.    Defendants failed to provide a reasonable accommodation for Plaintiff's disability.

39.    Plaintiff has suffered damages as a direct and proximate result of Defendants' failure to provide him/her with a reasonable accommodation, including but not limited to, tangible employment benefits such as lost wages and benefits according to proof, but in excess of the minimum jurisdictional amount of this court.  Additionally, Plaintiff has also suffered mental anguish and emotional suffering according to proof, but in excess of the minimum jurisdictional amount of this court.  Defendants' conduct was a substantial factor in causing Plaintiff's harm.  As a result of the wrongful acts and omissions of Defendants, Plaintiff is entitled to recover damages for emotional distress, back pay, front pay and any and all other legal remedies available to him/her.  Plaintiff is also entitled to recover reasonable attorney's fees and costs, including expert witness fees, as provided in Govt. Code §12965(b).

40.    In addition, Plaintiff is informed and believes, and thereon alleges that the aforementioned conduct was extreme and outrageous, undertaken with a conscious disregard of Plaintiff's rights, and was malicious, oppressive and fraudulent, as set forth in detail above.  Plaintiff is therefore entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

**(Failure to Engage in A Timely, Good Faith, Interactive Process v. All Defendants and DOES 1-50)**

41.    Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

42.    Pursuant to Government Code § 12940(n), it is unlawful for an employer to fail to engage

COMPLAINT

in a timely, good faith, interactive process to assess what reasonable accommodations could be made for an employee with a disability.

43.    As set forth above, during his/her employment with Defendants Plaintiff was disabled and required reasonable accommodation, and informed Defendants of his/her physical disability.

44.    By informing Defendants verbally and/or in writing that he/she required accommodation(s), Plaintiff was requesting that Defendants make a reasonable accommodation(s) for his/her disability.

45.    Plaintiff was willing to participate in a timely, good faith, interactive process to determine what reasonable accommodations could be made for him/her.

46.    Defendants failed to participate in a timely, good faith, interactive process to determine what reasonable accommodations could be made for Plaintiff.

47.    Plaintiff has suffered damages as a direct and proximate result of Defendants' failure to participate in a timely, good faith, interactive process to determine what reasonable accommodations could be made for Plaintiff, including but not limited to, tangible employment benefits such as lost wages and benefits according to proof, but in excess of the minimum jurisdictional amount of this court.  Plaintiff has also suffered mental anguish and emotional suffering according to proof, but in excess of the minimum jurisdictional amount of this court.  Defendants' conduct was a substantial factor in causing Plaintiff's harm.  As a result of the wrongful acts and omissions of Defendants, Plaintiff is entitled to recover damages for emotional distress, back pay, front pay and any and all other legal remedies available to him/her.  Plaintiff is also entitled to recover reasonable attorney's fees and costs, including expert witness fees, as provided in Govt. Code §12965(b).

48.    In addition, Plaintiff is informed and believes, and thereon alleges that the aforementioned conduct was extreme and outrageous, undertaken with a conscious disregard of Plaintiff's rights, and was malicious, oppressive and fraudulent, as set forth in detail above.  Plaintiff is therefore entitled to an award of punitive damages.

\\\

COMPLAINT

## FOURTH CAUSE OF ACTION

**(Violation of Family and Medical Leave Act v. All Defendants and DOES 1-50)**

49.    Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

50.    At all times relevant herein, the Family and Medical Leave Act (29 U.S.C. § 2601, et seq.) was in full force and effect and was binding upon Defendants. Pursuant to these code sections, Defendants, and their employees and agents, were required to provide notice to their employees, including Plaintiff, of the right to request FMLA leave and to grant FMLA leave to Plaintiff, related her medical leave, with a guarantee of employment in the same or equivalent position upon conclusion of the leave.  In addition, Defendants were prohibited from terminating or retaliating against Plaintiff for requiring or taking leave under the FMLA.

51.    Plaintiff provided verbal and written notice, as set forth above, and requested that Defendants provide him/her with FMLA leave, along with the reason(s) for said leave and the anticipated timing and duration of the leave.

52.    Plaintiff is informed and believes, and thereon alleges that the acts of Defendants, including but not limited to, in denying Plaintiff FMLA leave and in retaliating against him/her and wrongfully terminating Plaintiff's employment, Defendants engaged in unlawful employment practices in violation of the FMLA.

53.    Plaintiff has suffered damages as a direct and proximate result of Defendants' violation of the FMLA, including but not limited to, tangible employment benefits such as lost wages and benefits according to proof, but in excess of the minimum jurisdictional amount of this court.  Additionally, Plaintiff has also suffered mental anguish and emotional suffering according to proof, but in excess of the minimum jurisdictional amount of this court.  Defendants' conduct was a substantial factor in causing Plaintiff's harm.  As a result of the wrongful acts and omissions of Defendants, Plaintiff is entitled to recover damages for emotional distress, back pay, front pay and any and all other legal remedies available to him/her.  Plaintiff is also entitled to recover reasonable attorney's fees and costs, including expert witness fees, as provided in 29 U.S.C. § 2617.

COMPLAINT

54.   Plaintiff is also entitled to, and seeks, liquidated damages pursuant to 29 U.S.C. § 2617.

## FIFTH CAUSE OF ACTION

### (Violations of CFRA v. All Defendants and DOES 1-50)

55.   Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

56.   Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code section 12945.2.  Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period prior to his/her requested and/or taken leaves.  Further, Plaintiff had qualifying medical conditions

57.   Defendant, a business entity, and DOES 1-50 are employers covered by and subject to the California Family Rights Act because Defendants employed fifty (50) or more full or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

58.   Defendants violated the California Family Rights Act by refusing to allow Plaintiff to take required leave and otherwise discouraging his/her from taking protected leave, and retaliating against him/her for doing so.  Defendants committed the aforesaid unlawful employment practices by, without limitation: (a) discouraging and writing up Plaintiff for taking protected leave; and (b) terminating Plaintiff because he/she took intermittent medical leave.

59.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

60.   As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

COMPLAINT

61.    The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and his/her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests and assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

62.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under California Government Code section 12940, et seq.

## SIXTH CAUSE OF ACTION

**(Retaliation for Taking Protected Medical Leave v. All Defendants and DOES 1-50)**

63.    Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

64.    Plaintiff took protected medical leave. Defendants subjected Plaintiff to adverse employment actions because she exercised her right to take such leave.

65.    These adverse actions include denial of accommodation, exclusion from work, unpaid leave, and effective termination.

66.    Defendants' conduct violates CFRA and/or FMLA. Plaintiff suffered damages as a direct result.

## SEVENTH CAUSE OF ACTION

**(Violation of Cal. Labor Code § 98.6 v. All Defendants and DOES 1-50)**

67.    Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew

68.    Under Cal. Labor Code § 98.6, it is unlawful for an employer to "discharge an employee or in any manner discriminate against any employee…because the employee…engaged in any conduct…" protected by the Cal. Labor Code.

69.    Plaintiff exercised rights protected under the California Labor Code, including reporting unlawful conduct, requesting accommodation, and opposing retaliation.

70.    Defendants retaliated against Plaintiff by subjecting her to adverse employment actions,

COMPLAINT

including unpaid leave and termination.

71. The conduct of Defendant constitutes oppression, a knowing disregard for the rights of Plaintiff, and/or malice thereby entitling Plaintiff to an award of punitive damages. The conduct of Defendant, in stating that Plaintiff was terminated for cause, is a basis for punitive damages. Plaintiff is further informed and believes, and thereon alleges, that this advance knowledge, or act of oppression, disregard or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of Defendant and Does 1-50.

## EIGHTH CAUSE OF ACTION

### (Retaliation (Labor Code § 1102.5) v. All Defendants and DOES 1-50)

72. Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

73. Plaintiff engaged in protected activity under California Labor Code § 1102.5 by reporting and objecting to conduct she reasonably believed constituted violations of federal and state law, including improper accounting and charging practices involving Bid & Proposal ("B&P") funds on or in connection with awarded government contracts. Plaintiff made these reports internally to management and, on or about July 21, 2025, through Defendant's formal ethics hotline.

74. Plaintiff had reasonable cause to believe the reported conduct violated internal cost accounting policies, the Federal Acquisition Regulation (FAR), Cost Accounting Standards, and other legal and regulatory requirements applicable to government contractors.

75. Defendants knew that Plaintiff had engaged in this protected whistleblower activity.

76. Following Plaintiff's protected activity, Defendants subjected her to adverse employment actions, including but not limited to: removal from projects, exclusion from meetings, denial of telecommuting, threats of termination for alleged "job abandonment," revocation of system access, and placement on indefinite unpaid administrative leave.

77. There is a causal connection between Plaintiff's protected activity and Defendants' adverse actions. The timing, escalation, and nature of Defendants' conduct—particularly

the placement of Plaintiff on unpaid leave shortly after her ethics complaint—support a strong inference of retaliatory motive.

78. Defendants' conduct violates Labor Code § 1102.5. As a direct and proximate result, Plaintiff suffered economic damages, emotional distress, and other harm. Plaintiff is entitled to all available remedies, including compensatory damages, civil penalties, attorneys' fees, and costs.

## NINTH CAUSE OF ACTION

### (Failure to Prevent Retaliation v. All Defendants and DOES 1-50)

### [Gov. Code § 12940(k)]

79. Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

80. Defendants had a duty to take all reasonable steps necessary to prevent retaliation against employees who engage in protected activity, including whistleblowing and requesting reasonable accommodations.

81. Despite this duty, Defendants failed to prevent retaliation against Plaintiff. Instead, Defendants—through senior management and HR—either participated in, condoned, or ratified retaliatory conduct against Plaintiff.

82. Defendants failed to conduct a timely, neutral, or effective investigation into Plaintiff's complaints, failed to protect her from retaliation during the purported investigation, and instead placed her on prolonged unpaid leave while denying her any meaningful path back to work.

83. As a direct and proximate result of Defendants' failure to prevent retaliation, Plaintiff suffered damages including lost wages, benefits, and emotional distress.

## TENTH CAUSE OF ACTION

### (Failure to Timely Pay Final Wages v. All Defendants and DOES 1-50)

84. Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

85. Labor Code § 201 requires employers to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  For violation of Labor Code § 201,

COMPLAINT

Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

86. By virtue of their willful failure to pay Plaintiff compensation for commissions earned during his/her employment, Defendants have willfully failed to provide Plaintiff with all wages due and owing, by the time specified by Labor Code §§ 201 and 202. Consequently, pursuant to Labor Code § 203, Plaintiff is owed the above-described waiting time penalties, all in an amount to be shown according to proof at trial.

87. Plaintiff also seeks interest on all due and unpaid wages pursuant to Labor Code §§ 218.6, together with reasonable attorneys' fees and costs of suit as permitted by law pursuant to Labor Code § 218.5 and 1194.

**ELEVENTH CAUSE OF ACTION**

**(Constructive Wrongful Termination in Violation of Public Policy v. All Defendants and DOES 1-50)**

88. Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

89. Defendants have effectively terminated Plaintiff's employment by removing her from all work duties, revoking system access, refusing to permit her to work, and placing her on indefinite unpaid administrative leave for over six months, with no resolution, no pay, and no realistic path to reinstatement.

90. Defendants' conduct communicated to Plaintiff that she would not be permitted to continue working unless she abandoned her protected rights and returned on-site contrary to medical restrictions and pending complaints.

91. A reasonable person in Plaintiff's position would have found these working conditions intolerable. Defendants' actions therefore constitute a constructive discharge and wrongful termination.

92. Plaintiff's termination violated fundamental public policies of the State of California, including policies prohibiting retaliation against whistleblowers, protecting employees with disabilities, and safeguarding employees who take protected medical leave.

COMPLAINT

93.    As a result, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment and relief as follows:

1.    For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities of employment, according to proof;

2.    For mental and emotional distress damages;

3.    For injunctive and declaratory relief;

4.    A determination that Defendant violated Cal. Labor Code § 1102.5 (a), (b) and/or (c);

5.    For an award of interest, including prejudgment interest, at the legal rate;

6.    For an award of prevailing party attorney fees as allowed by Cal. Gov. Code § 12965(b);

7.    For punitive and exemplary damages in an amount sufficient to punish and deter Defendant's outrageous conduct;

8.    For costs of suit herein; and

9.    For such other and further relied as the Court may deem just and proper.

**PLAINTIFF CANDACE THOMAS** demands a jury trial on all issues in this case.

The Larabee Law Firm

Dated: December 19, 2025          By:_____
                                        Joel Larabee, Esq.
                                        Attorney for Plaintiff

COMPLAINT

EXHIBIT "A"

COMPLAINT

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

Joel Larabee
Larabee Law Firm 9655 Granite Ridge Drive Suite 200
San Diego, CA 92123

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202512-32717118
        Right to Sue: Thomas / General Atomics, Inc.

Dear Joel Larabee:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202512-32717118
Right to Sue: Thomas / General Atomics, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2025

Candace Thomas

,

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202512-32717118
Right to Sue: Thomas / General Atomics, Inc.

Dear Candace Thomas:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 18, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department
                                                                                        KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Candace Thomas                                    CRD No. 202512-32717118

                              Complainant,

vs.

General Atomics, Inc.
3550 General Atomics, CT.
San Diego, CA 92121

                              Respondents

_____

**1.** Respondent **General Atomics, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Candace Thomas**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **December 18, 2025**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, suspended, other, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation,

-1-
*Complaint – CRD No. 202512-32717118*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, forced to quit, suspended, other, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** I was subjected to discrimination and retaliation after requesting accommodation for a medical condition and after reporting suspected unlawful conduct involving the misuse of government funds. Management denied my telecommuting accommodation, excluded me from meetings, placed me on unpaid leave, and revoked my system access. I was not reinstated after disability leave, despite my willingness and ability to work remotely. I believe I was targeted because of my disability and in retaliation for whistleblowing and taking protected leave.

-2-
*Complaint – CRD No. 202512-32717118*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Joel Larabee, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On December 18, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**La Jolla, CA**

-3-
*Complaint – CRD No. 202512-32717118*

Date Filed: December 18, 2025

CRD-ENF 80 RS (Revised 2025/11)

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

1/6/2026 12:19:34 PM

Clerk of the Superior Court
By T. Automation        ,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Joel Larabee, Esq. (243117)<br>The Larabee Law Firm<br>9655 Granite Ridge Drive, Suite 200<br>San Diego CA 92123<br><br>TELEPHONE NO: 619-376-1777    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: joel@larabeelaw.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    SAN DIEGO |
|---|
| STREET ADDRESS:    330 W Broadway |
| MAILING ADDRESS:    330 W Broadway |
| CITY AND ZIP CODE:    San Diego, 92101 |
| BRANCH NAME:    Central Division |

| PLAINTIFF / PETITIONER:    CANDACE THOMAS, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    GENERAL ATOMICS, INC., a California corporation | 25CU068062C |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>14853074 (Thomas v. General Atomics) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:    **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE; NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS**

3. a. Party served *(specify name of party as shown on documents served)*:
      ***GENERAL ATOMICS, INC., a California corporation***
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      ***Agent for Service: Diana Ruiz, CT Corporation***

4. Address where the party was served:
   ***330 North Brand Boulevard, Glendale, CA 91203***

5. I served the party *(check proper box)*
   a. [X] **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    ***Fri, Dec 26 2025***    (2) at *(time)*:    ***12:20 PM***
   b. [ ] **by substituted service**. On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER: CANDACE THOMAS, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: GENERAL ATOMICS, INC., a California corporation | 25CU068062C |

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:        (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify)*: *GENERAL ATOMICS, INC., a California corporation*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7. **Person who served papers**

  a. Name: *Shaunt Demirchyan*

  b. Address: *P.O. Box 86925 San Diego, CA 92138*

  c. Telephone number: *619-446-6988*

  d. **The fee** for service was: *$148.20*

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner ☐ employee ☒ independent contractor

      (ii) Registration No: *2023065327*

      (iii) County: *Los Angeles*

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 01/06/2026

Shaunt Demirchyan

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**         Page 2 of 2

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Joel Larabee, Esq. (243117) The Larabee Law Firm<br>9655 Granite Ridge Drive, Suite 200, San Diego CA 92123<br><br>TELEPHONE NO.: 619-376-1777    FAX NO. :<br>EMAIL ADDRESS: joel@larabeelaw.com<br>ATTORNEY FOR *(Name)*: Candace Thomas | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>12/22/2025 4:16:12 PM<br><br>Clerk of the Superior Court<br>By M. Alvarez    ,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
Thomas v. General Atomics Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** [ ] **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25CU068062C |
| | | JUDGE: Evan P Kirvin<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Eleven (11)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 22, 2025
Joel Larabee, Esq.
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non- harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]          **CIVIL CASE COVER SHEET**          Page 2 of 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:   330 W. Broadway<br>MAILING ADDRESS:   330 W. Broadway<br>CITY AND ZIP CODE:   San Diego, 92101<br>BRANCH NAME:   Central<br>TELEPHONE NUMBER: 619-450-7069 | |

| |
|---|
| PLAINTIFF(S) / PETITIONER(S):  Candace Thomas |
| DEFENDANT(S) / RESPONDENT(S):  General Atomics Inc |
| THOMAS VS GENERAL ATOMICS INC |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>25CU068062C |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: EVAN P. KIRVIN                                   Department: C-69

**COMPLAINT/PETITION FILED:** 12/22/2025

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 06/12/2026 | 11:15 AM | C-69 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:**. The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 25CU068062C                    CASE TITLE: Thomas vs General Atomics Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference**:  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:   330 W. Broadway | |
| MAILING ADDRESS:   330 W. Broadway | |
| CITY AND ZIP CODE:   San Diego, 92101 | |
| BRANCH NAME:   Central | |
| PLAINTIFF(S):  Candace Thomas | |
| DEFENDANT(S):  General Atomics Inc | |
| SHORT TITLE: THOMAS VS GENERAL ATOMICS INC | |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br> 25CU068062C |
|---|---|

Judge:  EVAN P. KIRVIN                                            Department:  C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                     ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                        ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                          Date: _____

_____                                        _____
Name of Plaintiff                                                      Name of Defendant

_____                                        _____
Signature                                                               Signature

_____                                        _____
Name of Plaintiff's Attorney                                   Name of Defendant's Attorney

_____                                        _____
Signature                                                               Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/23/2025

_____
JUDGE OF THE SUPERIOR COURT

## CANDACE THOMAS v. GENERAL ATOMICS

## PROOF OF SERVICE

I am employed in the County of San Diego; my business address is Mintz Levin Cohn Ferris Glovsky and Popeo PC, 3580 Carmel Mountain Road, Suite 300, San Diego, CA  92130.  I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, electronic mail and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On January 26, 2026, I caused a copy of the following document(s):

## NOTICE OF REMOVAL BY DEFENDANT GENERAL ATOMICS

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

**Joel D. Larabee**
**The Larabee Law Firm**
**9655 Granite Ridge Drive, Suite 200**
**San Diego, CA 92123**
**Tel: (619) 376-1777**
**Fax: (619) 376-1778**

**Attorney for Plaintiff**
**CANDACE THOMAS**

**E-Mail: joel@larabeelaw.com**

[X]  **MAIL:**   Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[X]  **ELECTRONIC MAIL**   I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 26, 2026, at San Diego, California.

_____
Terri L. Mayo

601510289v.2

1

**PROOF OF SERVICE**